IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | CASE NO. 12-07577-MH3 |
| | CHAPTER 7 |
| PETERSON ENTERPRISES, LLC | JUDGE HARRISON |
|     Debtor. | |
| SUSAN R. LIMOR, TRUSTEE, | |
|     Plaintiffs, | |
| vs. | ADV. NO. 314-90348 |
| JAMES AND/OR JUDITH AUER; BILL A. GRAY; EDWARD AND/OR HELEN KENNEDY; DAVID L. LYNCH; LEDELLE H. LYNCH; STEPHEN H. LYNCH; DANIEL B. SLEZINGER; R. KEITH THETFORD; FRANCES A. WILKINS | |

### ANSWER OF DAVID L. LYNCH TO COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND TO RECOVER THE VALUE OF SUCH TRANSFERS

COMES NOW Defendant DAVID L. LYNCH, by and through his counsel of record, and would state as follows for his Answer to the "Complaint to Avoid Fraudulent Transfers and to Recover the Value of Such Transfers" previously filed in this cause:

1. The averments of Paragraph 1 are Admitted.

2. The averments of Paragraph 2 are Admitted.

3. The averments of Paragraph 3 are Admitted.

4. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 4, 5, and 6.

5. The averments of Paragraph 7 are denied, Defendant David L. Lynch currently residing at 1040 Carrs Creek Blvd., Greenbrier, TN 37073.

6. The averments of Paragraph 8 are denied, as Ledelle H. Lynch is deceased.

7. The averments of Paragraph 9 are admitted.

8. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 10, 11, and 12.

9. The averments of Paragraph 13 require no response from Defendant.

10. While lacking direct knowledge of many of the allegations under the heading "Factual Background", Defendant believes that the averments contained in Pagraphs 14 through 59 are generally true.

11. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 60, 61, and 62, relating to Defendant Auer.

12. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 63, 64, and 65, relating to Defendant Gray.

13. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 66, 67, and 68, relating to Defendant Kennedy.

14. It is admitted that the Debtor made the transfers to Defendant David L. Lynch as set out in Paragraph 69 and as detailed in Exhibit "D".

15. It is admitted that no claim was filed by Defendant David L. Lynch in any of the bankruptcy cases, as alleged in Paragraph 70.

16. The averments of Paragraph 71 are denied, with strict proof demanded thereof.

17. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 72, 73, and 74, relating to Defendant Ledelle H. Lynch, although Defendant does have personal knowledge that said Ledelle H. Lynch is now deceased.

18. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 75, 76, and 77, relating to Defendant Stephen H. Lynch.

19. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 78, 79, and 80, relating to Defendant Slezinger.

20. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 81, 82, and 83, relating to Defendant Thetford.

21. Defendant is without sufficient knowledge to either admit or deny the averments contained in Paragraphs 84, 85, and 86, relating to Defendant Wilkins.

22. The averments contained in Paragraph 87 and 88 require no response from Defendant.

23. The averments contained in Paragraph 89 are denied, with strict proof demanded thereof.

24. The averments of Paragraph 90 are denied, with strict proof demanded thereof.

25. The averments of Paragraph 91 are denied, with strict proof demanded thereof.

26. The averments of Paragraph 92 are denied, with strict proof demanded thereof.

27. The averments of Paragraph 93 are denied, with strict proof demanded thereof. By further explanation, Defendant would state that he has a promissory note executed by Debtor wherein Debtor acknowledges receipt of $25,000.00 from Defendant dated December 24, 2008, and a cancelled check in like amount payable to Debtor, also dated December 24, 2008. The payments received by Defendant are during said timeframe are substantially less than the amount loaned to Debtor during said time.

28. The averments of Paragraph 94 are denied, with strict proof denied.

29. The averments of Paragraph 95 are denied, with strict proof demanded thereof.

30. The averments of Paragraph 96 are denied, with strict proof demanded thereof.

31. The averments of Paragraph 97 are denied, with strict proof demanded thereof.

32. The averments of Paragraph 98 require no response from Debtor.

33. The averments of Paragraph 99 are admitted as an accurate statement of the law.

34. The averments of Paragraph 100 are admitted as an accurate statement of the law.

35. The averments of Paragraph 101 are admitted.

36. The averments of Paragraph 102 are admitted.

37. The averments of Paragraph 103 are denied, with strict proof demanded thereof.

38. The averments of Paragraph 104 are denied, with strict proof demanded thereof.

39. The averments of Paragraph 105 are denied, with strict proof demanded thereof.

40. Any averments not specifically admitted or denied are now generally denied.

41. As an affirmative defense, Defendant would again state that he loaned Debtor far more than Debtor paid back, therefore it cannot be said that Debtor received less than reasonably equivalent values in exchange for the Transfers.

This 30th day of September, 2014.

Respectfully submitted:

*/s/ Joe R. Johnson, II*

JOE R. JOHNSON, II (#018058)
Attorney for David L. Lynch
115 5th Ave. West
Springfield, TN 37172
615.384.0284
615.384.3224 (fax)
Joe@JoeJohnsonLaw.com

CERTIFICATE OF SERVICE

       I hereby certify that I have forwarded a true and exact copy of the foregoing document via U. S. Mail and/or email via the ECF electronic noticing system to Erica R. Johnson, Esq. (erica@limorlaw.com ), and Susan R. Limor, Esq. (srl@limorlaw.com) , 2814 Dogwood Place, Nashville, TN  37204; and the United States Trustee (ustpregion08.na.ecf@usdoj.gov) , 318 Custom's House, 701 Broadway, Nashville, TN  37203, on this the 30th day of September, 2014.

                                          */s/ Joe R. Johnson, II*
                                          JOE R. JOHNSON, II

Case 3:12-bk-07577    Doc 70    Filed 09/30/14    Entered 09/30/14 19:12:19    Desc Main
Document      Page 5 of 5